```
            UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA


ISAN CONTANT,                   :
                                :
            Petitioner          :
                                :    CIVIL NO. 1:CV-08-1852
      vs.                       :
                                :    (Judge Caldwell)
ATTORNEY GENERAL MICHAEL B      :
MUKASEY, et al.,                :
                                :
            Respondents.        :
```

*M E M O R A N D U M*

*I.   Introduction*

Isan Contant, a native of Trinidad and Tobago, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends that his continued detention pending resolution of removal proceedings violates his right to due process under the Fifth Amendment. Because he is receiving all the process that is due him, the petition will be denied.

*II.  Background*

From the submissions of the parties, the following appears to be an accurate statement of the case. Petitioner is a Trinidad and Tobago national who entered the United States as a tourist on March 20, 2004, with permission to remain in the

country until September 19, 2004.  In October 2007, he was convicted and sentenced for criminal possession of cocaine in New York.  On December 12, 2007, the Department of Homeland Security charged petitioner under section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") alleging that he overstayed his tourist visa.

Petitioner asserts that he entered the custody of the United States Immigration and Customs Enforcement ("ICE") on March 7, 2008.  ICE ordered him detained without bond.  On April 22 and May 20, 2008, the Immigration Judge ("IJ") conducted a hearing to determine whether the petitioner should be released on bond pending completion of removal proceedings.  In denying bond, the IJ concluded that the petitioner was a threat to the community and a flight risk.  Resp't. Ex. B.  The BIA affirmed concluding that the IJ correctly found the petitioner was a danger to the community.  Resp't. Ex. D.

Petitioner filed an application with DHS seeking an adjustment of his status to that of a permanent residence.  DHS determined him to be prima facie eligible for relief pursuant to the Violence Against Women Act.  He filed a motion for continuance of his removal proceedings based, in part, on his pending application.  He was notified by the United States Citizenship and Immigration Services that his application was delayed and it was

-2-

unknown when an adjudication might take place.  The IJ postponed removal proceedings on November 18 and again on December 23, 2008.  In a memorandum filed December 2, 2008, the IJ reaffirmed his denial of bond concluding that the petitioner was a danger to the community.  Resp't. Ex. F.

*III.  Discussion*

The apprehension and detention of aliens, pending removal decisions, are governed by § 236 of INA, 8 U.S.C. § 1226.  Pursuant to § 1226(a), the Attorney General may issue a warrant for arrest and detention, pending a decision on whether the alien is to be removed from the United States.  Section 1226(a) permits discretionary release of aliens on bond or conditional parole, unlike mandatory detention under 8 U.S.C. § 1226(c).  Petitioner is being detained pursuant to § 1226(a).

Petitioner asserts that he is not challenging the denial of bond, rather he argues that his removal is not reasonably foreseeable and that the government has failed to justify his continued detention resulting in a violation of his right to due process.[1]  Petition for Habeas Corpus at 7.  He relies principally on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001) and

---

[1] His detention, as of the date of this Memorandum, has exceeded 11 months.

*Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708 (2003).  However, both Supreme Court cases do not directly address petitioner's situation.

In *Zavydas,* the Supreme Court considered a due process challenge to 8 U.S.C. § 1231, which governs detention of aliens following a final order or removal.[2]  Under section 1231(a), ICE may detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but under *Zadvydas* indefinite detention is not authorized.  The Supreme Court defined six months as a presumptively reasonable period of detention.  *Zadvydas*, 533 U.S. at 701, 121 S.Ct. at 2505. After this six-month period, an alien must be released if he provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  If he makes this showing, ICE must rebut it to keep him in custody.  *Id.*

*Zadvydas* is materially different from petitioner's situation in two respects.  First, unlike the aliens in *Zadvydas*, petitioner is not under a final order of removal.  He is currently

---

[2] Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after an order of removal becomes final.  During this "removal period," detention of the alien is mandatory.  *See* 8 U.S.C. § 1231(a)(2).  After the ninety-day period, if the alien has not been removed and remains in the United States, his detention may be continued, or he may be released under the supervision of the Attorney General.  *See* 8 U.S.C. §§ 1231(a)(3) and (6).

being held pending his removal proceedings.  As the Supreme Court noted in *Demore*, detention pending removal "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing their chance that, if ordered removed, the aliens will be successfully removed." *Demore*, 538 U.S. at 528, 123 S.Ct. at 1720.  Second, the Supreme Court analyzed 8 U.S.C. § 1231, not § 1226(a).  Petitioner is being held pursuant to a different statute than at issue in *Zadvydas*.  Pursuant to 1226(a), he has had a determination by an independent decision maker that determined him to be a flight risk and a danger to society.  The decision of the IJ was affirmed by the BIA.

In *Demore*, a permanent resident filed a habeas petition challenging the no bail provision of § 1226(c).  The Supreme Court held that mandatory detention pursuant to § 1226(c) during removal proceedings is constitutionally permissible. *Demore*, 538 U.S. at 531, 123 S.Ct. at 1721-22.  However, the Supreme Court's holding, as noted by Judge Yvette Kane in *Madrane v. Hogan*, 520 F.Supp.2d 654 (M.D. Pa. 2007), is "narrow...grounded in repeated reference" to the brevity of removal proceedings. *Id.* at 664.  Under § 1226(c), the Supreme Court indicated that detention pending removal proceedings has a definite termination point, in the majority of cases it lasts for less than 90 days. *Demore*, 538

U.S. at 529, 123 S.Ct. at 1720. This brief period of detention pending removal proceedings is what distinguishes *Demore* from *Zadvydas*, which involved a post final order detention with no obvious termination point. *See Id.*

*Demore* is relevant in that it involved detention pending removal proceedings, however, the statute analyzed was § 1226(c), which requires the mandatory detention of certain criminal aliens. As we indicated earlier, Petitioner was determined, by an independent decision maker, to be a flight risk and a danger to society, unlike the alien in *Demore*. The decision of the IJ was affirmed by the BIA.

The government takes the position that petitioner's detention is lawful because, pursuant to § 1226(a), an independent decision maker determined him to be a flight risk and a danger to society. Additionally, his detention is not indefinite. Resp't. Supplemental Resp. at 11-12. In support of its argument, the government relies on the Ninth Circuit Court of Appeals case *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008).

We find *Prieto-Romero* instructive because the Ninth Circuit was analyzing the authority to detain pursuant to § 1226(a). In upholding Prieto-Romero's three year detention, the court determined that the Attorney General's detention authority under § 1226(a) was limited "to the period reasonably necessary to

bring about an alien's removal from the United States even if continued detention in any particular litigant's case would not pose a constitutional problem." *Prieto-Romero,* 534 F.3d at 1063. The court found that Prieto-Romero's detention was not indefinite, even though his removal has been delayed due to numerous legal challenges, since "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas*. *Id.* at 1063 (citations omitted). Prieto-Romero argued that his detention was indefinite since his ultimate deportation was unforeseeable. *Id.* However, the Ninth Circuit found that his detention was not indefinite because he "remains *capable* of being removed-even if it has not yet finally been determined that he *should* be removed-and so the government retains an interest in 'assuring his presence at removal.'" *Id.* (citations omitted)(emphasis in original).

We acknowledge that the Petitioner has been held for an extended period of time awaiting removal proceedings, however, he has failed to demonstrate that his detention is indefinite. His situation is not unlike the petitioner in Prieto-Romero. Contant's case has been pending because he has filed an application seeking a change of status to that of a permanent resident. The IJ has postponed the removal proceedings, at Petitioner's request, to wait for his application to be adjudicated. Petitioner is not stuck in a removable-but-

-7-

unremovable limbo leaving him in detention with no termination point.  Once his application for permanent resident status has been adjudicated, the IJ can proceed with removal proceedings.

Unlike the aliens in *Demore*, *Zadvydas*, and *Madrane*, petitioner is being held pursuant to § 1226(a).  The IJ has determined on two occasions that he should be detained because he is a flight risk and a danger to the community.  The BIA affirmed the IJ's first bond determination.  The government has a strong interest in assuring his presence at removal.  We believe the Petitioner has had all the due process that is due him.  Therefore, we will enter an order denying his petition for writ of habeas corpus.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 20, 2009

```
                UNITED STATES DISTRICT COURT FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA


ISAN CONTANT,                          :
                                       :
        Petitioner                     :
                                       :    CIVIL NO. 1:CV-08-1852
        vs.                            :
                                       :    (Judge Caldwell)
ATTORNEY GENERAL MICHAEL B             :
MUKASEY, et al.,                       :
                                       :
        Respondents.                   :
```

*O R D E R*

AND NOW, this 20th day of February, 200, it is ordered that:

    1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is denied.

    2.  Petitioner's motion for bail (doc. 15) is dismissed at moot.

    3.  Petitioner's motion to proceed in forma pauperis is denied.

    4.  The Clerk of Court shall close this file.

                                       <u>/s/William W. Caldwell</u>
                                         William W. Caldwell
                                         United States District Judge